UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESENIA DIAZ, et al.,

                        Plaintiffs,

-against-

MERRICK GARLAND, et al.,

                        Defendants.

24-cv-05553 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

       Plaintiffs filed the complaint in the above-captioned action on July 29, 2024. Dkt. No. 1. Since then, Plaintiffs have failed to request issuance of summonses and have failed to respond to two Court orders, *see* Dkt. Nos. 4, 6, both of which warned Plaintiffs that failure to timely serve Defendants would result in dismissal of the action for failure to prosecute. For the reasons that follow, this action is dismissed, *sua sponte*, without prejudice under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

       Plaintiff filed its complaint in this action on July 29, 2024. Dkt. No. 1. On August 2, 2024, the Court issued an Order that (i) scheduled an Initial Pretrial Conference for December 17, 2024; (ii) set a deadline of Decerber 10, 2024, for the parties to file a joint letter and proposed Civil Case Management Plan; and (iii) directed Plaintiffs' counsel to serve a copy of the Court's Order and the Court's Individual Rules & Practices upon Defendants' counsel (or upon Defendants, if unaware of the identity of Defendants' counsel) and file proof of such service with the Court. *See* Dkt. No. 2.

       In the four months since Plaintiffs initiated this case, no summonses have been requested or issued, Plaintiffs did not file proof of service of the August 1 Order, and Defendants have not been served. Plaintiff's counsel provided no communication to the Court regarding the missed deadlines.

       On December 11, 2024, the Court adjourned the Initial Pretrial Conference and ordered Plaintiffs to properly request issuance of summonses no later than December 16, 2024. Dkt. No. 4. The Court provided express notice that "[f]ailure to comply with this Order will result in dismissal of this case . . . for failure to prosecute with no further notice to any party." *Id.* Despite this clear notice, Plaintiffs' counsel, Shahla Khan, did not request issuance of summonses; instead, Ms. Khan filed a motion to withdraw as counsel because Plaintiffs retained new counsel to represent them in this matter. Dkt. No. 5. As of the date of this Order, Plaintiffs' alleged new counsel has not entered a notice of appearance.

       On December 19, 2024, this Court advised Ms. Kahn that before it would consider her motion to withdraw, she must properly request issuance of summonses no later than December 23, 2024 and, unless and until new counsel appeared on behalf of Plaintiffs, Ms. Kahn was

ordered to arrange for service of Defendants in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.  Dkt. No. 6.  Again, the Court provided express notice that "[f]ailure to comply with this Order will result in dismissal of this case . . . for failure to prosecute with no further notice to any party."  *Id.*

As of the date of this Order, no new counsel has appeared on behalf of Plaintiffs, and Plaintiffs' counsel of record, Ms. Kahn, has failed to request issuance of summonses.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Here, more than 90 days have passed since the filing of the complaint, and Plaintiffs have failed to even request issuance of summonses in this action.  Moreover, the Court already notified Plaintiffs that the action would be dismissed if Plaintiffs did not request issuance of summonses by December 16, 2024, *see* Dkt. No. 4, and, again, by December 23, 2024.  Therefore, the action is dismissed without prejudice under Rule 4(m).  *See Ungaro v. Aaron*, No. 24-cv-00339 (RA), 2024 WL 3678437, at *1 (S.D.N.Y. Aug. 5, 2024).

Rule 41(b) of the Federal Rules of Civil Procedure supplies an additional basis for dismissing the action.  "Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion."  *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, Plaintiffs have not complied with any Court orders.  More than four months have passed since Plaintiffs commenced the action on July 29, 2024, *see* Dkt. No. 1, and since the Court first ordered Plaintiffs to serve on Defendants a copy of the Court's Order scheduling a conference, *see* Dkt. No. 2, and many weeks have passed since Plaintiffs were twice ordered to properly request issuance of summonses or risk the dismissal of this action for failure to prosecute, *see* Dkt. Nos. 4, 6.  Not only have Plaintiffs failed to comply with these orders, but there has been no effort, besides a motion to withdraw, to offer any explanation or seek adjournment or extension of the Court's directives and deadlines.  Plaintiffs' four-month period of inaction weighs in favor of dismissal.

   In addition, Plaintiffs were on notice that failure to comply could result in dismissal. In its December 11 and December 19 Orders, the Court warned Plaintiffs that "[f]ailure to comply with this Order will result in dismissal of this case . . . for failure to prosecute with no further notice to any party." *See* Dkt. Nos. 4, 6. As of the date of this Order, Plaintiffs have still failed to request issuance of summonses, let alone serve Defendants. There is no end in sight to Plaintiffs' delay.

   Further, the Court has a strong interest in managing its docket and cannot wait indefinitely for Plaintiffs to turn its attention to this case. Plaintiffs have been reminded of their obligations and have expressly been warned that failure to comply with this Court's orders would result in dismissal of the case. Moreover, "'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at *2 (internal marks omitted) (quoting *Antonio v. Beckford*, 05-cv-02225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)). Thus, the balancing of interests favors dismissal.

   Finally, in light of Plaintiffs' failure to comply with the Court's orders, the inability of the Court or of any party to proceed in this case unless and until Plaintiffs serve Defendants, and the mandates of Rule 4(m), the Court finds that no sanction other than dismissal is adequate. *See id.* Because the dismissal is based on Plaintiff's failure to serve under Rule 4(m), the dismissal is without prejudice. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

   For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice. The Clerk of Court is directed to terminate Dkt. No. 5 as moot, and to CLOSE the case.

Dated: January 2, 2025
   New York, New York

                    SO ORDERED.

                    _____
                    MARGARET M. GARNETT
                    United States District Judge